ROSA RAMERY VÉLEZ, Plaintiff and Appellee, *v.* BANCO POPULAR DE PUERTO RICO, Defendant and Appellant.

No. R-63-132.    Decided April 17, 1964.

Gabriel de la Haba, Rafael Baragaño, Jr., Garrard Harris, Ramón Mellado González, and Rafael J. Baragaño for appellant. Appellee did not appear.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Banco Popular de Puerto Rico filed suit in the San Juan Part of the former District Court against Rosa Ramery Vélez to collect payment of a note in the amount of $1,979 and interest, plus costs and attorney's fees. In order to secure the effectiveness of the judgment, it obtained two orders of attachment. By the first order it attached a rural property and by the second a mortgage credit. The attachment was duly entered in the registry of property. The order of attachment of the mortgage credit also contained a clause prohibiting the alienation of the property. Defendant was not notified of any of the attachments. Judgment was

entered in said suit in favor of the plaintiff Bank for the principal sum of the note, and interest, plus $215 for costs and attorney's fees. In order to execute this judgment the attached properties were sold at public auction and in payment thereof they were adjudicated to the Bank.

In March 1961 defendant in the former suit filed a claim against the Banco Popular praying that the attachments levied on the above-mentioned properties, as well as the public auction and adjudication of the same and the conveyance of the mortgage credit made by the Bank to Andrés Grillasca be declared null and void and, consequently, the restitution to plaintiff of the title over said properties and compensation for the damages suffered by her.

After a hearing on the merits, the trial court entered judgment in favor of the plaintiff. Said court decided (1) that the failure to serve notice on the debtor-defendant of the attachments levied on her properties render the same null and void. Section 9 of the Act to Secure the Effectiveness of Judgments (32 L.P.R.A. § 1077) and *López* v. *Martínez Hnos. & Co., S. en C.*, 45 P.R.R. 516, 522 (1933); *Kuenzli* v. *Symister*, 43 P.R.R. 447, 452 (1932); *Oliver* v. *Registrar of Arecibo*, 22 P.R.R. 659, 662 (1915); (2) that the attachments being void, the judicial sale carried out is likewise null and void. 32 L.P.R.A. §§ 1141, 1145 and 1146; *De Jesús* v. *Caribbean Trucking Co.*, 70 P.R.R. 527, 528 (1949); (3) that inasmuch as the debtor was deprived of asking the reduction of the excessive attachment for lack of service on her, she can exercise the action for damages, *Carlo* v. *District Court*, 58 P.R.R. 889, 894 (1941); and (4) that a cause of action exists for the damages arising as the natural, proximate, and legal result or consequence of an illegal attachment. *Sierra* v. *Santiago*, 48 P.R.R. 667 (1935).

The main issues in this case are (1) whether or not the trial court correctly decided that the attachments were void

for failure to serve notice on the defendant and because they were excessive; and (2) whether the sale at public auction was void because its price was inadequate. If the trial court erred, then the rest of the findings fall by the wayside.

■■ Rule 56.4 of the Rules of Civil Procedure states in part: ". . . The attachment and prohibition to alienate real property shall be effected by recording them in the Registry of Property and notifying the defendant." A similar provision was included in § 9 of the Act of March 1, 1902 to Secure Effectiveness of Judgments, now repealed. Thus, the case law construing said § 9 of the Act to Secure the Effectiveness of Judgments applies to this Rule. In *Kuenzli* v. *Symister*, 43 P.R.R. 447 (1932), we held that the notice on defendant required by § 9 was not necessary when the attachment was entered in the registry, without the prohibition to alienate. This doctrine was ratified in *López* v. *Martínez Hnos. & Co., S. en C.*, 45 P.R.R. 516 (1933).

The attachment of the rural property was carried out by entering it in the registry of property, without the prohibition to alienate. The debtor defendant was not notified of this, nor was it necessary to do so according to the doctrine established in the above-cited cases.[1] Therefore, the trial court erred in decreeing the nullity of the attachment and of the sale at public auction of the rural property by reason of the failure to serve notice thereof.

The trial court likewise erred in decreeing the nullity of the attachment and of the sale at public auction of the mortgage credit. The order of the court decreeing the attachment of the mortgage credit, as relevant herein, states thus:

"(a) The Registrar of Property of Puerto Rico, Ponce Section, is hereby ordered, pursuant to the provisions of Section

---

[1] It is advisable in the attachment of real properties entered in the registry of property that the defendant be notified, pursuant to Rule 56.4 of the Rules of Civil Procedure, so that the latter may be able to challenge in time said attachment according to the legal grounds pertaining thereto.

2(b) of the Act to Secure the Effectiveness of Judgments (32 L.P.R.A. § 1070(b)), to attach and enter the attachment on the mortgage credit of the defendant Rosa Ramery Vélez, for the amount of $5,999.76, partially cancelled as to $1,500, encumbering the property recorded as stated above, and which is described as follows:

[Here follows the description of a rural property of three cuerdas and eighty-five hundredths of land and a frame house, located at the ward of Anón of Ponce.]

"(b) Pursuant to the provisions of Section 2(h) of the Act to Secure the Effectiveness of Judgments (32 L.P.R.A. § 2070(h)) [sic], in order that the effectiveness of the judgment may be operative at any time, the Registrar of Property of Puerto Rico, Ponce Section, and any other officer acting in his place, is hereby enjoined from recording any cancellation, assignment, alienation, conveyance, or mortgage that may be made hereafter on such credit."

■ For the sake of argument we may accept that the order of prohibition addressed to the registrar of property contained in paragraph (b) copied above should have been served on the defendant in order that it may have all the legal effects. Under the Act to Secure the Effectiveness of Judgments, these legal effects were (1) the prohibition to the defendant to alienate the real properties attached, except at public auction, (2) to deem fraudulent for all civil and criminal purposes, the alienation of the properties attached in contravention of the prohibition, and (3) the persons guilty of such offense shall answer for contempt of court. (32 L.P.R.A. § 1077.)[2] As the attachment of the property was not served on the defendant, the prohibition to alienate

---

[2] Rule 56.4 of the Rules of Civil Procedure provides that the attachment and prohibition to alienate real property shall be effected by recording them in the registry of property and notifying the defendant. The provision relative to the alienation of properties in contravention of the prohibition which should be deemed fraudulent for all civil and criminal purposes, as well as the provision in connection with the additional punishment in the case of contempt of court, were deleted from its text.

lacked efficacy with respect to defendant's liability for contempt of court and to the fraudulent nature of the alienation, without a public auction, in case such alienation was made. Nevertheless, under paragraph (a) the registration of the attachment on the aforesaid mortgage credit was ordered to be made in the registry. Said entry of attachment was sufficient to comply with the requirement of the previous attachment for the purpose of the sale at public auction of the attached properties. The attachment being thus recorded in the registry of property, irrespective of the fact that the record of the prohibition to alienate would be ineffective as regards the defendant, for lack of notice, it cannot be correctly said that the marshal held the public auction without previously attaching the auctioned properties.[3]

■ In its conclusions of law the trial court decided that the attachment on defendant's properties was excessive and that the failure to be notified precluded her from requesting its reduction, although she may exercise an action for damages. Said court also found that the defendant was de-

---

[3] In *Rodríguez et al.* v. *Alonso et al.*, 37 P.R.R. 322 (1927), we laid down the rule that the previous attachment is a precedent requisite necessary for the validity of the sale and award of the real properties to secure the execution of a judgment entered in an action for collection of money. Nevertheless, in the later case of *Font* v. *Rosales*, 42 P.R.R. 606 (1931), ratified in *Martínez* v. *Registrar*, 44 P.R.R. 616 (1933) and *Rosario* v. *Vega*, 47 P.R.R. 868 (1935), in construing § 250 of the Code of Civil Procedure, which is at present repealed but embodied in Rule 51.5 of the Rules of Civil Procedure, this Court concluded that pursuant to its English version, the previous attachment was not necessary, as a levy suffices, and that the levy of real estate is such a symbolical thing that it may be said to have become merged in the proceedings leading to the actual sale. This is not the time for us to determine the apparent conflict in our case law in connection with this issue, even assuming that said conflict is still existing under the provisions of the Rules of Civil Procedure in effect, inasmuch as in the case at bar we have concluded that there was a record of the attachment of the auctioned mortgage credit.

prived of her property without due process of law, that damages are demandable when they are the natural, immediate and legal result or consequence of a wrongful attachment.

We have already seen that the attachment was not illegal for lack of notice to the defendant. Nor was it illegal because it was excessive, in case it were so. *People* v. *Berríos*, 43 P.R.R. 536 (1932); *Carlo* v. *District Court*, 58 P.R.R. 889 (1941).

■ The trial court made no findings of fact regarding the value of the attached properties. We know from the record that the mortgage credit was awarded for the sum of $2,000. We also know that said credit had been reduced to the amount of $2,750.13, by virtue of payments made by the mortgage-debtor. The other property attached was a rural property of some three and odd cuerdas of land with a house, located at Cantera ward of Ponce. It was awarded for the sum of $543.11. There is no evidence on record to establish the value of that rural property four or five years ago.[4] In *García* v. *Humacao Fruit Co.*, 25 P.R.R. 635 (1917), we decided that in order that a sale on execution of a judgment be void, the price paid for the property sold should be so grossly inadequate as to create a presumption of fraud. See, also, *Salas* v. *Cabassa*, 69 P.R.R. 423 (1948). *Cf. Alum Torres* v. *Campos del Toro*, 89 P.R.R. 299 (1963). Therefore, we are not in a position to determine from the evidence appearing in the record that the selling price is inadequate and, consequently, that the sale at public auction is null and void. In view of these findings, the award for damages in favor of plaintiff did not lie.

---

[4] The record shows in the testimony of the plaintiff that she received monthly sums of fifty, sixty and seventy dollars from the property at Cantera. Besides this testimony, there is no other evidence which may warrant a finding as to the value of said property.

The judgment entered by the Superior Court, Ponce Part, will be reversed and another entered instead dismissing the complaint, with costs.